UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-363-RJC

| ROGER LEE DEAL, SR., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| FNU MIM, FNU LNU, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court upon initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. See 28 U.S.C. § 1915A. (Doc. No. 1). For the following reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief can be granted.

**I.  BACKGROUND**

Plaintiff's Complaint was filed in the Eastern District of North Carolina and later transferred to this district on the basis of venue because Plaintiff is an inmate housed in Lanesboro Correctional Institution within the Western District and the allegations in his Complaint arose in Lanesboro Correctional. (Doc. No. 4). In his Complaint, Plaintiff alleges that in March 2012 he tried to send legal mail to his daughter. His daughter was supposed to make a copy of the mailed document and mail it back to Plaintiff so that he could ensure that he was able to beat a filing deadline. (Doc. No. 1 at 4). Plaintiff contends that his daughter never received this mail and "this is the second time that [his] court motion" has been destroyed. Plaintiff alleges that his first effort to file a petition for habeas relief suffered the same fate when

1

he tried to mail it while incarcerated at Pender Correctional Institution. Plaintiff investigated the incident in Pender Correctional and apparently learned from prison officials that his habeas mail had been destroyed by mistake. Plaintiff contends that this "mistake" caused his habeas petition to be time-barred and therefore denied him access to the courts. (Id.). In his claim for relief, Plaintiff seeks an order releasing him from custody and compensation for everyday that he has spent in prison. (Id. at 5).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A(a), the "court shall review, before docketing, if feasible . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a upon which relief can be granted." Id. § 1915A(b)(1).

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as to certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1, 4 (1980) (finding "that the § 1983 remedy broadly encompasses violations of federal statutory as well as constitutsional law."); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff .").

A pro se complaint in a proceeding *in forma pauperis* must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not

permit a district court to ignore a clear failure of the plaintiff to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Fed. R. Civ. P. 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

## III. DISCUSSION

Plaintiff alleges one instance while incarcerated at Lanesboro Correctional where his legal mail did not reach his intended destination. (Doc. No. 1 at 4). It is well established that prisoners have a fundamental right to access the courts and this right will be protected "by prohibiting state prison officials from actively interfering with inmates' attempts" to file legal documents." Lewis v. Casey, 518 U.S. 343, 350 (1996) (citing Ex parte Hull, 312 U.S. 546, 547-549 (1941)). The purpose of this protection is ensure that a prisoner has "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. at 351 (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)).

Plaintiff's allegations regarding the accidental destruction of his first petition for habeas relief while housed at Pender Correctional is of no relevance to the Court's inquiry regarding whether his constitutional right to access the courts was violated while incarcerated in Lanesboro

3

Correctional. Plaintiff's contention that one document he attempted to mail while housed at Lanesboro Correctional did not reach its intended destination is insufficient to establish that the Defendants "actively" interfered with his constitutional right to access the courts. At best, Plaintiff presents a colorable claim that one or more of the Defendants were negligent in the handling of his legal mail. However, "[t]he Supreme Court has made it clear that liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant. It cannot be predicated upon negligence." Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992) (quotations and citations omitted) (emphasis in original).

An isolated incident of lost mail in Lanesboro Correctional, taken as true for purposes of this review, cannot support a finding, or even a reasonable inference, that one or more of the named defendants deliberately tampered with Plaintiff's legal mail or deliberately interfered with his right to access the courts. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (finding that isolated incident of accidentally opening prisoner mail by prison official did not lead to a constitutional violation because there was no evidence of an improper motive or intention to interfere with the prisoner's right to access the courts); see also Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986) (isolated incident of interference with privileged mail "might not give rise to an action for damages under 42 U.S.C. § 1983 where the infraction was not in accordance with official policy or practice and where no showing had been made that the inmate's right of access to the courts was chilled.").

Plaintiff has pled one incidence of the loss of legal mail and has failed to allege any facts which could support an inference that this loss of mail was deliberately caused by one or more of the Defendants. Plaintiff's Complaint under § 1983 fails to state a claim for relief upon which relief can be granted and it will be dismissed.

**IT IS, THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: August 29, 2012

Robert J. Conrad, Jr.
Chief United States District Judge